MICHAEL J. STRUMWASSER (SBN 58413)
ANDREA SHERIDAN ORDIN (SBN 38235)
SALVADOR E. PÉREZ (SBN 309514)
STRUMWASSER & WOOCHER LLP
1250 6th Street, Suite 205
Santa Monica, California 90401
Tel: (310) 576-1233
Fax: (310) 319-0156
Email: mstrumwasser@strumwooch.com
        aordin@strumwooch.com
        sperez@strumwooch.com

CARA L. JENKINS (SBN 271432)
BRIAN A. BOBB (SBN 250594)
SULI A. MASTORAKOS (SBN 330383)
OFFICE OF LEGISLATIVE COUNSEL
925 L Street, Suite 900
Sacramento, California 95814
Tel: (916) 341-8323
Fax: (916) 341-8290
Email: suli.mastorakos@legislativecounsel.ca.gov

*Attorneys for Defendants Marie Alvarado-Gil,
in her official capacity as California State Senator;
and Vanessa Bravo, in her official capacity as Chief
of Staff to Senator Alvarado-Gil*

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLEY COELHO,<br><br>                              Plaintiff,<br><br>        v.<br><br>MARIE ALVARADO-GIL, in her official capacity as California State Senator; and VANESSA BRAVO, in her official capacity as Chief of Staff to Senator Alvarado-Gil,<br><br>                              Defendants. | Case No.<br><br>[Stanislaus County Superior Court Case No. CV-25-005833]<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(a)**<br><br>Date Action Filed: June 17, 2025 |

Printed on Recycled Paper

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(a)

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

PLEASE TAKE NOTICE that Defendant MARIE ALVARADO-GIL, in her official capacity as California State Senator, and Defendant VANESSA BRAVO, in her official capacity as Chief of Staff to Senator Alvarado-Gil, ("Defendants") pursuant to 28 U.S.C. § 1441(a), hereby remove this civil action from the Superior Court of California for Stanislaus County, where it is currently pending as Case No. CV-25-005833, to the United States District Court for the Eastern District of California, Sacramento Division. The grounds for removal are as follows:

1.      This action was commenced on June 17, 2025, with the filing by Plaintiff Kelley Coelho of a Complaint for Violations of Civil Rights ("Complaint") in the Superior Court of California for Stanislaus County, captioned as *Kelley Coelho vs. Marie Alvarado-Gil; Vanessa Bravo; and DOES 1 through 100*, Superior Court Case No. CV-25-005833. A true and correct copy of the Complaint, together with all other process, pleadings, and orders served on Defendants in the state court action, is attached hereto as **Exhibit 1.**

2.      This Court has original jurisdiction over this action as a civil action "arising under the Constitution, laws, or treaties of the United States" under 28 U.S.C. § 1331, and the action is therefore removable pursuant to 28 U.S.C. § 1441(a). The Complaint alleges that Defendants' conduct "violated and continues to violate, among other things, PLAINTIFF's right of free expression and right to criticize the government and government officials as guaranteed by, among other legal authorities, the United States Constitution and Section 1983 of Title 42 of the United States Code." Complaint, ¶¶ 5, 12. Accordingly, it is apparent from the face of the Complaint that the action "arises under" federal law.

3.      This Notice of Removal is timely in that it is being filed within thirty (30) days of service of the Complaint upon all Defendants in accordance with 28 U.S.C. § 1446(b). Service was effected on Defendants on June 30, 2025 when Defendants' counsel accepted service on behalf of Defendants.

4.      All Defendants join in this Notice of Removal and consent to the removal of this action to this Court.

//

//

5.     This action is properly removed to the United States District Court for the Eastern District of California, which is "the district court of the United States for the district and division within which [the] action is pending." 28 U.S.C. § 1441(a).

6.     As required by 28 U.S.C. § 1441(d), Defendants will give written notice to all adverse parties and will file a copy of this Notice of Removal with the clerk of the Superior Court for Stanislaus County.

7.     By filing this Notice of Removal, Defendants do not waive any defenses that may be available to them, including without limitation, any defenses relating to service, process, and jurisdiction, and Defendants do not concede that the allegations in the Complaint state a valid claim under any applicable law.

8.     Defendants reserve the right to submit additional factual support, evidence, and legal arguments to support the basis for federal jurisdiction as may be necessary at the appropriate time.

Dated: July 25, 2025                              Respectfully submitted,

STRUMWASSER & WOOCHER LLP
Michael J. Strumwasser
Andrea Sheridan Ordin
Salvador E. Pérez

OFFICE OF LEGISLATIVE COUNSEL
Cara L. Jenkins
Brian A. Bobb
Suli A. Mastorakos

By: _____
                Michael J. Strumwasser

*Attorneys for Defendants Marie Alvarado-Gil,*
*in her official capacity as California State Senator;*
*and Vanessa Bravo in her official capacity as Chief*
*of Staff to Senator Alvarado-Gil*

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(a)

Exhibit 1

Electronically Filed
6/17/2025 4:58 PM
Superior Court of California
County of Stanislaus
Clerk of the Court
By: Tyler Powers Jones, Deputy

$435 PAID

BRIGGS LAW CORPORATION [FILE: 2226.00]
Cory J. Briggs (SBN 176284)
99 East "C" Street, Suite 203
Upland, CA 91786
Telephone: 909-949-7115

Attorneys for Plaintiff Kelley Coelho

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF STANISLAUS – CIVIL DIVISION

| | |
|---|---|
| KELLEY COELHO, <br><br> Plaintiff, <br><br> vs. <br><br> MARIE ALVARADO-GIL; VANESSA BRAVO; and DOES 1 through 100, <br><br> Defendants. | CASE NO. CV-25-005833 <br><br> **COMPLAINT FOR VIOLATIONS OF CIVIL RIGHTS** |

Plaintiff KELLEY COELHO ("PLAINTIFF") alleges as follows:

**Parties**

1.      PLAINTIFF is a natural person who resides and pays taxes in the County of Stanislaus.

2.      At all times relevant to this lawsuit, Defendant MARIE ALVARADO-GIL ("MAG") was the Senator representing the 4th Senate District in the California Legislature and an employee of the State of California; and Defendant VANESSA BRAVO ("VB") was MAG's Chief of Staff and an employee of the State of California.

3.      The true names and capacities of the Defendants identified as DOES 1 through 100 are unknown to PLAINTIFF, who will seek the Court's permission to amend this pleading in order to allege the true names and capacities as soon as they are ascertained. PLAINTIFF is informed and believes and on that basis alleges that each of the fictitiously named Defendants 1 through 100 has some cognizable interest in the subject matter of this lawsuit.

This case has been assigned to Judge    JOHN D. FREELAND

Department 23    , for all purposes including Trial.

4.      PLAINTIFF is informed and believes and on that basis alleges that, at all times stated in this pleading, each Defendant was the agent, servant, or employee of every other Defendant and was, in doing the things alleged in this pleading, acting within the scope of said agency, servitude, or employment and with the full knowledge or subsequent ratification of his/her/its principals, masters, and employers.  Alternatively, in doing the things alleged in this pleading, each Defendant was acting alone and solely to further his/her/its own interests.

### Jurisdiction and Venue

5.      The Court has jurisdiction over this lawsuit pursuant to the U.S. Constitution, Section 1983 of Title 42 of the United States Code, and Code of Civil Procedure Section 1060 *et seq.*, among other provisions of law.

6.      Venue in this Court is proper because the obligations, liabilities, and/or violations of law alleged in this pleading occurred in the County of Stanislaus in the State of California.

### Background Facts

7.      At all times relevant to this lawsuit, PLAINTIFF has been a vocal and persistent critic of MAG's performance as an elected official.

8.      On or about June 21, 2024, MAG participated in an open-to-the-public press conference held at the Turlock Police Department Headquarters concerning sexually violent predators (the "Press Conference").

9.      Upon seeing PLAINTIFF at the press conference, MAG and VB directed at least one member of the Turlock Police Department to forcibly remove PLAINTIFF from the Press Conference against PLAINTIFF's will and despite PLAINTIFF having done nothing wrong.

10.     PLAINTIFF is informed and believes and on that basis alleges that MAG and VB directed PLAINTIFF's forcible removal from the press conference in retaliation for PLAINTIFF's vocal, persistent criticism of MAG's performance as an elected official.

### FIRST CAUSE OF ACTION:
**Violation of Civil and Other Rights**
(Against All Defendants)

11.     The preceding allegations in this pleading are fully incorporated into this paragraph.

12. Defendants' retaliatory conduct as alleged in this pleading violated and continues to violate, among other things, PLAINTIFF's right of free expression and right to criticize the government and government officials as guaranteed by, among other legal authorities, the United States Constitution and Section 1983 of Title 42 of the United States Code.

13. Defendants' retaliatory conduct as alleged in this pleading involved "reckless or callous indifference" toward PLAINTIFF's right of free expression and right to criticize the government and government officials.

14. As a result of Defendants' illegal conduct as alleged in this pleading, PLAINTIFF has suffered a legally cognizable injury in an amount to be proven at trial and will further "chill" her speech for fear of being further targeted by law-enforcement officials at the direction of DEFENDANTS.

15. PLAINTIFF is informed and believes and on that basis alleges that an actual controversy exists between PLAINTIFF, on the one hand, and Defendants, on the other hand, concerning the foregoing allegations. PLAINTIFF contends that the allegations are true; whereas Defendants dispute PLAINTIFF's contention. PLAINTIFF therefore desires a judicial determination of the dispute.

**Prayer**

FOR ALL THESE REASONS, PLAINTIFF respectfully prays for the following relief against Defendants jointly and severally:

A. General, special, incidental, and/or nominal damages according to proof;

B. Punitive damages according to proof;

C. Any and all legal fees and other expenses incurred by PLAINTIFF in connection with this lawsuit, including but not limited to reasonable attorney fees and costs; and

D. Any and all further relief that this Court may deem appropriate.

Date: June 17, 2025.                    Respectfully submitted,

BRIGGS LAW CORPORATION

By: _Cory J. Briggs_____

Cory J. Briggs

Attorneys for Plaintiff Kelley Coelho

CM-010

| | FOR COURT USE ONLY |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>BRIGGS LAW CORPORATION [file: 2228.60]<br>Cory J. Briggs (SBN 176284)<br>99 East "C" Street, Suite 203<br>Upland, CA 91786<br>TELEPHONE NO.: 909-949-7115    FAX NO.:<br>ATTORNEY FOR *(Name)*: Plaintiff Kelley Coelho | Electronically Filed<br>6/17/2025 4:58 PM<br>Superior Court of California<br>County of Stanislaus<br>Clerk of the Court<br>By: J. Powers, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Stanislaus
STREET ADDRESS: 801 10th Street
MAILING ADDRESS: 801 10th Street
CITY AND ZIP CODE: Modesto, CA 95354
BRANCH NAME: City Towers Courthouse (Civil)

CASE NAME:
Kelley Coelho v. Marie Alvarado-Gil et al.

| CIVIL CASE COVER SHEET<br>[✓] Unlimited    [ ] Limited<br>(Amount    (Amount<br>demanded    demanded is<br>exceeds $25,000)    $25,000 or less) | Complex Case Designation<br>[ ] Counter    [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER:<br>CV-25-005833<br>JUDGE:<br>DEPT: |
|---|---|---|

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[✓] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [✓] is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties    d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel    e. [ ] Coordination with related actions pending in one or more courts
   issues that will be time-consuming to resolve    in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a.[✓] monetary    b.[✓] nonmonetary; declaratory or injunctive relief    c.[✓] punitive
4. Number of causes of action *(specify)*: One
5. This case [ ] is [✓] is not    a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: June 17, 2025
Cory J. Briggs
(TYPE OR PRINT NAME)    ▶    *Cory J. Briggs*
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |
|---|---|---|

American LegalNet, Inc.<br>www.FormsWorkflow.com

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property
   Damage/Wrongful Death
Uninsured Motorist (46) *(if the
   case involves an uninsured
   motorist claim subject to
   arbitration, check this item
   instead of Auto)*

**Other PI/PD/WD (Personal Injury/**
**Property Damage/Wrongful Death)**
**Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/
      Wrongful Death
Product Liability *(not asbestos or
   toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice–
      Physicians & Surgeons
   Other Professional Health Care
      Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip
      and fall)
   Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
   Intentional Infliction of
      Emotional Distress
   Negligent Infliction of
      Emotional Distress
   Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
   Practice (07)
Civil Rights (e.g., discrimination,
   false arrest) *(not civil
   harassment)* (08)
Defamation (e.g., slander, libel)
   (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice
      *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease
      Contract *(not unlawful detainer
      or wrongful eviction)*
   Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/
      Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open
   book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections
      Case
Insurance Coverage *(not provisionally
   complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
   Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
   drugs, check this item; otherwise,
   report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court
      Case Matter
   Writ–Other Limited Court Case
      Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.**
**Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
   *(arising from provisionally complex
   case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of
      County)
   Confession of Judgment *(non-
      domestic relations)*
   Sister State Judgment
   Administrative Agency Award
      *(not unpaid taxes)*
   Petition/Certification of Entry of
      Judgment on Unpaid Taxes
   Other Enforcement of Judgment
      Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
   above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-
      harassment)*
   Mechanics Lien
   Other Commercial Complaint
      Case *(non-tort/non-complex)*
   Other Civil Complaint
      *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
   Governance (21)
Other Petition *(not specified
   above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult
      Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late
      Claim
   Other Civil Petition

| ATTORNEY OR PARTY WITHOUT ATTORNEY (NAME, ADDRESS, PHONE, BAR NUMBER)<br><br>**COURT GENERATED**<br><br>Attorney for:<br><br>**SUPERIOR COURT OF CALIFORNIA, COUNTY OF STANISLAUS**<br>Street Address:    City Towers Bldg., 801 10th St, 4th Floor, Modesto, CA 95354<br>Civil Clerk's Office: 801 10th Street, 4th Floor, Modesto, CA  95354 | *FOR COURT USE ONLY*<br><br>**ELECTRONICALLY FILED**<br>Superior Court of California<br>County of Stanislaus<br>06/17/2025<br>**CLERK OF THE COURT**<br>**BY:** Powers Jones, Tyler<br>Deputy Clerk |
|---|---|
| **COELHO, KELLEY vs ALVARADOGIL, MARIE** | |
| **NOTICE OF CASE MANAGEMENT CONFERENCE** | CASE NUMBER:<br><br>**CV-25-005833** |

1.   NOTICE is given that a **Case Management Conference** has been scheduled as follows:

Date: **November 03, 2025** Time: **9:00 AM**

This case is assigned to Judge **John D Freeland**, **Dept. 23**, for all purposes, including trial.

\*Departments 21 & 22 are located at 801 10th Street, 6th Floor, Modesto, CA 95354

\*Departments 23 & 24 are located at 801 10th Street, 4th Floor, Modesto, CA  95354
**All filings shall be filed in the Clerk's Office at the City Towers, 4th Floor address.**
..................................................................................................................................

**You have 30 calendar days to file a written response with this court after the legal papers and the summons were served on you.  You must also serve a copy of your written response on the plaintiff.**

2.   You must file and serve a completed *Case Management Conference Statement* at least **fifteen (15) calendar days** before the case management conference.

3.   You must be familiar with the case and be fully prepared to participate effectively in the case management conference.

4.   At the case management conference, the Court may make pretrial orders, including the following:

a.  An order establishing a discovery schedule.

b.  An order referring the case to arbitration.

c.  An order dismissing fictitious defendants.

d.  An order scheduling exchange of expert witness information.

e.  An order setting subsequent conferences and the trial date.

f.  Other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.).

Date: June 17, 2025                    by: *Tyler Powers Jones*

Tyler Powers Jones, Deputy Clerk

Mandatory Form

| | **--SANCTIONS--**<br>If you do not file the *Case Management Statement* required by local rule, or attend the case management conference or participate effectively in the conference, the court may impose sanctions (including dismissal of the case, striking of the answer, and payment of money). | |
|---|---|---|
| CV003 | | 11/10 |

MAILED ON 06/25/2025

**Rule 3.110 of the California Rules of Court.**

**Time for Service of Complaint, Cross-Complaint, and Response**

(a) [Application] This rule applies to the service of pleadings in civil cases except for collection cases under Rule 3.740 (a), Unlawful detainer actions, proceedings, under the Family Code, and other proceedings for which different service requirements are prescribed by law.

**(b)** [Service of complaint] The complaint must be served on all named defendants and proofs of service on those defendants must be filed with the court within 60 days after the filing of the complaint. When the complaint is amended to add a defendant, the added defendant must be served, and proof of service must be filed within 30 days after the filing of the amended complaint.

**(c)** [Service of cross-complaint] A cross-complaint against a party who has appeared in the action must be accompanied by proof of service of the cross-complaint at the time it is filed. If the cross-complaint adds new parties, the cross-complaint must be served on all parties and proofs of service on the new parties must be filed within 30 days of the filing of the cross-complaint.

**(d)** [Timing of responsive pleadings] The parties may stipulate without leave of court to one 15-day extension beyond the 30-day time period prescribed for the response after service of the initial complaint.

**(e)** [Modification of timing: application for order extending time] The court, on its own motion or on the application of a party, may extend or otherwise modify the times provided in (b) - (d). An application for a court order extending the time to serve a pleading must be filed before the time for service has elapsed. The application must be accompanied by a declaration showing why service has not been completed, documenting the efforts that have been made to complete service, and specifying the date by which service is proposed to be completed.

**(f)** [Failure to serve] If a party fails to serve and file pleadings as required under this rule and has not obtained an order extending time to serve its pleadings, the court may issue an Order to Show Cause why sanctions shall not be imposed.

**(g)** [Request for entry of default] If a responsive pleading is not served within the time limits specified in this rule and no extension of time has been granted, the plaintiff must file a request for entry of default within 10 days after the time for service has elapsed. The court may issue an Order to Show Cause why sanctions should not be imposed if the plaintiff fails to timely file the request for the entry of default.

**(h)** [Default judgment] When a default is entered, the party who requested the entry of default must obtain a default judgment against the defaulting party within 45 days after the default was entered, unless the court has granted an extension of time. The court may issue an Order to Show Cause why sanctions should not be imposed if that party fails to obtain entry of judgment against a defaulting party or to request an extension of time to apply for a default judgment within that time.

**(i)** [Order to Show Cause] Responsive papers to an Order to Show Cause issued under this rule must be filed and served at least 5 calendar days before the hearing.

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

| | FOR COURT USE ONLY |
|---|---|
| | *(SOLO PARA USO DE LA CORTE)* |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

MARIE ALVARADO-GIL; VANESSA BRAVO; and DOES 1 through 100

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

KELLEY COELHO

Electronically Filed
6/17/2025 4:58 PM
Superior Court of California
County of Stanislaus
Clerk of the Court
By: Tyler Powers Jones, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | | CASE NUMBER: |
|---|---|---|
| The name and address of the court is: | | *(Número del Caso):* |
| *(El nombre y dirección de la corte es):*  Stanislaus County Superior Court | | CV25005833 |

801 10th Street
Modesto, CA 95354

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Briggs Law Corporation, Cory J. Briggs, 99 East "C" Street, Suite 203, Upland, CA 91786, 909-949-7115

| DATE: | | Clerk, by | | , Deputy |
|---|---|---|---|---|
| *(Fecha)*  6/17/2025 4:58 PM | | *(Secretario)* | Tyler P. Jones | *(Adjunto)* |

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

Tyler Powers Jones

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)

☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 |
|---|---|---|
| Judicial Council of California | | *www.courtinfo.ca.gov* |
| SUM-100 [Rev. July 1, 2009] | | |

American LegalNet, Inc.
www.FormsWorkflow.com

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| BRIGGS LAW CORPORATION<br>Cory J. Briggs, SBN: 176284<br>99 East "C" Street, Suite 203<br>Upland, California 91786<br>TELEPHONE NO.: (909) 949-7115    FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* Kelley Coelho | Electonically Filed<br>7/1/2025 2:20 PM<br>SuperiorCourt of Califonia<br>County of Stanislaus<br>Clerk of the Court<br>By: Angela Mesa, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Stanislaus
STREET ADDRESS:  801 10th Street
MAILING ADDRESS:
CITY AND ZIP CODE:  Modesto, 95354
BRANCH NAME:  City Towers Courthouse (Civil)

| PLAINTIFF/PETITIONER: Kelley Coelho, | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Marie Alvaraldo-Gil, et al., | CV-25-005833 |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.:<br>2226.00 |
|---|---|

*(Separate proof of service is required for each party served.)*

1.  At the time of service I was at least 18 years of age and not a party to this action.

2.  I served copies of:

    a. ☑ summons

    b. ☑ complaint

    c. ☐ Alternative Dispute Resolution (ADR) package

    d. ☑ Civil Case Cover Sheet *(served in complex cases only)*

    e. ☐ cross-complaint

    f. ☑ other *(specify documents):* ROA

3.  a. Party served *(specify name of party as shown on documents served):*

    Marie Alvarado-Gil

    b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

    Ben Hertzberger, Deputy Attorney

4.  Address where the party was served:
    1021 "O" Street, 3rd Floor, Sacramento, California 95814

5.  I served the party *(check proper box)*

    a. ☑ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party  (1) on *(date):* 6/30/25          (2) at *(time):*  2:20 PM

    b. ☐ **by substituted service.** On *(date):*          at *(time):*          I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

    (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

    (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

    (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

    (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*          from *(city):*          **or** ☐ a declaration of mailing is attached.

    (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | PROOF OF SERVICE OF SUMMONS | Code of Civil Procedure, § 417.10 |
|---|---|---|

| PLAINTIFF/PETITIONER: Kelley Coelho, | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Marie Alvaraldo-Gil, et al., | CV-25-005833 |

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*                (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*)* (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
  a. ☑ as an individual defendant.
  b. ☐ as the person sued under the fictitious name of *(specify):*
  c. ☐ as occupant.
  d. ☐ On behalf of *(specify):*
    under the following Code of Civil Procedure section:

|   |   |
|---|---|
| ☐ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
|   | ☐ other: |

7. **Person who served papers**
  a. Name: (a) Johnny Adams, (b) Anthony P. Milazzo
  b. Address: 219 South Riverside Avenue, 134, Rialto, California 92376
  c. Telephone number: (909) 917-2475
  d. **The fee** for service was: $ 100.00
  e. I am:
    (1) ☐ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☑ a registered California process server:
      (i) ☐ owner ☐ employee ☑ independent contractor.
      (ii) Registration No.: 1445
      (iii) County: Sacramento

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: June 30, 2025

Johnny Adams
_____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶ _____
(SIGNATURE )

POS-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>BRIGGS LAW CORPORATION<br>Cory J. Briggs, SBN: 176284<br>99 East "C" Street, Suite 203<br>Upland, California 91786<br>　　　TELEPHONE NO.: (909) 949-7115　　FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* Kelley Coelho | FOR COURT USE ONLY<br><br>Electronically Filed<br>7/1/2025 2:20 PM<br>Superior Court of California<br>County of Stanislaus<br>Clerk of the Court<br>By: Angela Mesa, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Stanislaus
STREET ADDRESS:　801 10th Street
MAILING ADDRESS:
CITY AND ZIP CODE:　Modesto, 95354
BRANCH NAME:　City Towers Courthouse (Civil)

| | |
|---|---|
| PLAINTIFF/PETITIONER: Kelley Coelho,<br><br>DEFENDANT/RESPONDENT: Marie Alvaraldo-Gil, et al., | CASE NUMBER:<br>CV-25-005833 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>2226.00 |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. [✓] summons
   b. [✓] complaint
   c. [ ] Alternative Dispute Resolution (ADR) package
   d. [✓] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] cross-complaint
   f. [✓] other *(specify documents):* ROA

3. a. Party served *(specify name of party as shown on documents served):*
   Vanessa Bravo

   b. [✓] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
   Ben Hertzberger, Deputy Attorney

4. Address where the party was served:
   1021 "O" Street, 3rd Floor, Sacramento, California 95814

5. I served the party *(check proper box)*
   a. [✓] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party  (1) on *(date):* 6/30/25　　　(2) at *(time):*  2:20 PM
   b. [ ] **by substituted service.** On *(date):*　　at *(time):*　　I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*　　from *(city):*　　or [ ] a declaration of mailing is attached.

      (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10 |

| PLAINTIFF/PETITIONER: Kelley Coelho, | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Marie Alvaraldo-Gil, et al., | CV-25-005833 |

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*                  (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*)* (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
  a. ☑ as an individual defendant.
  b. ☐ as the person sued under the fictitious name of *(specify):*
  c. ☐ as occupant.
  d. ☐ On behalf of *(specify):*
    under the following Code of Civil Procedure section:

    ☐ 416.10 (corporation)             ☐ 415.95 (business organization, form unknown)
    ☐ 416.20 (defunct corporation)        ☐ 416.60 (minor)
    ☐ 416.30 (joint stock company/association)  ☐ 416.70 (ward or conservatee)
    ☐ 416.40 (association or partnership)    ☐ 416.90 (authorized person)
    ☐ 416.50 (public entity)            ☐ 415.46 (occupant)
                                    ☐ other:

7. **Person who served papers**
  a. Name: (a) Johnny Adams, (b) Anthony P. Milazzo
  b. Address: 219 South Riverside Avenue, 134, Rialto, California 92376
  c. Telephone number: (909) 917-2475
  d. **The fee** for service was: $ 100.00
  e. I am:
    (1) ☐ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☑ a registered California process server:
      (i) ☐ owner ☐ employee ☑ independent contractor.
      (ii) Registration No.: 1445
      (iii) County: Sacramento

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: June 30, 2025

Johnny Adams
_____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶           _____
                           (SIGNATURE)

MICHAEL J. STRUMWASSER (SBN 58413)
ANDREA SHERIDAN ORDIN (SBN 38235)
SALVADOR E. PÉREZ (SBN 309514)
STRUMWASSER & WOOCHER LLP
1250 6th Street, Suite 205
Santa Monica, California 90401
Tel: (310) 576-1233
Fax: (310) 319-0156
Email:   mstrumwasser@strumwooch.com
         aordin@strumwooch.com
         sperez@strumwooch.com

CARA L. JENKINS (SBN 271432)
BRIAN A. BOBB (SBN 250594)
SULI A. MASTORAKOS (SBN 330383)
OFFICE OF LEGISLATIVE COUNSEL
925 L Street, Suite 900
Sacramento, California 95814
Tel: (916) 341-8323
Fax: (916) 341-8290
Email:   suli.mastorakos@legislativecounsel.ca.gov

*Attorneys for Defendants Marie Alvarado-Gil,
in her official capacity as California State Senator;
and Vanessa Bravo, in her official capacity as Chief
of Staff to Senator Alvarado-Gil*

### SUPERIOR COURT OF THE STATE OF CALIFORNIA

### COUNTY OF STANISLAUS – CIVIL DIVISION

| | |
|---|---|
| KELLEY COELHO,<br><br>                        Plaintiff,<br><br>    v.<br><br>MARIE ALVARADO-GIL; VANESSA BRAVO;<br>and DOES 1 through 100,<br><br>                      Defendants. | Case No. CV-25-005833<br><br>**DEFENDANTS' ANSWER TO UNVERIFIED COMPLAINT; DEMAND FOR JURY TRIAL**<br><br>Date:    N/A<br>Time:    N/A<br>Dept:    23<br>Judge:   Hon. John D. Freeland<br><br>Action Filed: June 17, 2025 |

Printed on Recycled Paper

DEFENDANTS' ANSWER TO UNVERIFIED COMPLAINT

Defendant MARIE ALVARADO-GIL, in her official capacity as California State Senator, and Defendant VANESSA BRAVO, in her official capacity as Chief of Staff to Senator Alvarado-Gil, ("Defendants") by and through the undersigned counsel, hereby answer for themselves the unverified Complaint for Violations of Civil Rights ("Complaint") filed by Plaintiff KELLEY COELHO as follows:

## GENERAL DENIAL

Pursuant to subdivision (d) of section 431.30 of the California Code of Civil Procedure, Defendants hereby answer the unverified Complaint filed by Plaintiff by generally denying each and every allegation contained therein. Defendants further deny that Plaintiff has been damaged in the manner alleged, or at all, or that Plaintiff is entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

Defendants hereby plead the following separate and additional defenses to the Complaint. Defendants hereby plead the following separate and additional defenses to the Complaint. By alleging the separate and additional defenses set forth below, Defendants intend no alteration of the burden of proof and/or burden of going forward with evidence that otherwise exists with respect to any particular issue at law or in equity. Furthermore, all such defenses are pleaded in the alternative, and do not constitute an admission of liability or that Plaintiffs are entitled to any relief whatsoever. Without limiting or waiving any defenses available to it, and based on information and belief unless otherwise stated, Defendants allege as follows:

## FIRST AFFIRMATIVE DEFENSE
### (*Failure to State a Claim*)

The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

//

//

//

DEFENDANTS' ANSWER TO UNVERIFIED COMPLAINT

**SECOND AFFIRMATIVE DEFENSE**
(*Uncertainty*)

The Complaint, in whole or in part, is uncertain, ambiguous, and unintelligible because it purports to assert jurisdiction other than 42 U.S.C. section 1983 and Code of Civil Procedure section 1060 without identifying those "other provisions of law" under which Plaintiff alleges that the Court has jurisdiction. Further, the Complaint is uncertain, ambiguous, and unintelligible because it purports to assert the Defendants' liability for violations of "other things" than the enumerated statutes and constitutional provisions identified. In the absence of specification of the legal bases asserted for the Court's jurisdiction and the alleged bases for Defendants' liability, Defendants cannot reasonably respond to the Complaint and cannot reasonably determine what issues must be admitted or denied.

**THIRD AFFIRMATIVE DEFENSE**
(*Sovereign Immunity*)

The Complaint, in whole or in part, fails because Defendants are entitled to sovereign immunity under the Eleventh Amendment.

**FOURTH AFFIRMATIVE DEFENSE**
(*Qualified Immunity*)

Defendants are entitled to qualified immunity.

**FIFTH AFFIRMATIVE DEFENSE**
(*Discretionary Act Immunity*)

The Complaint, in whole or in part, fails because Defendants are entitled to discretionary act immunity.

**SIXTH AFFIRMATIVE DEFENSE**
(*Failure to Join a Necessary or Indispensable Party*)

The Complaint, in whole or in part, fails because Plaintiff has failed to name and join a necessary or indispensable party.

**SEVENTH AFFIRMATIVE DEFENSE**
(*No Violation of a Legal Duty*)

The Complaint is barred, in whole or in part, because Defendants did not violate any legal duty owed to Plaintiff.

//

### EIGHTH AFFIRMATIVE DEFENSE
#### (*Good Faith*)

The Complaint, in whole or in part, is barred because Defendants undertook any challenged acts or omissions, in part or in total, in good faith and in conformity with applicable statutes, orders, rulings, regulations, and/or interpretations.

### NINTH AFFIRMATIVE DEFENSE
#### (*Unjust Enrichment*)

Any recovery by Plaintiff on the Complaint against Defendants would be unfair and would constitute unjust enrichment.

### TENTH AFFIRMATIVE DEFENSE
#### (*Unclean Hands*)

The Complaint is barred, in whole or in part, by the doctrine of unclean hands.

### ELEVENTH AFFIRMATIVE DEFENSE
#### (*Conduct Not Wrongful*)

The Complaint is barred, in whole or in part, because Defendants' conduct was not wrongful or otherwise unlawful.

### TWELFTH AFFIRMATIVE DEFENSE
#### (*Superseding and Intervening Acts*)

Any damage allegedly sustained by Plaintiff was caused, in whole or in part, by the superseding and intervening acts and omissions of persons or entities for whose conduct Defendants are not responsible.

### THIRTEENTH AFFIRMATIVE DEFENSE
#### (*No Causation*)

The Complaint is barred, in whole or in part, because Plaintiff's damages, if any, were not caused by Defendants.

### FOURTEENTH AFFIRMATIVE DEFENSE
#### (*No Damages*)

Without admitting that the Complaint states a claim, there has been no damage in any amount, manner, or at all by reason of any act alleged against Defendants in the Complaint, and the relief prayed for in the Complaint therefore cannot be granted.

4

## FIFTEENTH AFFIRMATIVE DEFENSE
### (*Absence of Malice*)

Any acts or omissions by Defendants, if any, were not the result of oppression, fraud, or malice.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (*No Deprivation of Constitutional Rights*)

Defendants were not the proximate cause of the Plaintiff's alleged deprivation of a constitutionally protected right, privilege, or immunity.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (*Undiscovered Affirmative Defenses Reserved*)

Defendants reserve their right to add, delete, or modify any and all defenses which may pertain to the Complaint that are now or may become available in this action through clarification or amendment of the Complaint, through discovery, through further legal analysis of Plaintiff's or Defendant's claims and positions in this litigation, or otherwise.

## PRAYER FOR RELIEF

WHEREFORE, Defendants pray that judgment be entered as follows:

1.      Plaintiff take nothing by way of her Complaint, and that judgment be entered in favor of Defendants;

2.      The Complaint be dismissed with prejudice;

3.      Defendants recover costs of suit incurred herein and attorneys' fees as allowed by law or statute; and

4.      Defendants be awarded such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Defendants hereby demand a trial by jury.

//

//

5

Dated: July 24, 2025

Respectfully submitted,

STRUMWASSER & WOOCHER LLP
Michael J. Strumwasser
Andrea Sheridan Ordin
Salvador E. Pérez

OFFICE OF LEGISLATIVE COUNSEL
Cara L. Jenkins
Brian A. Bobb
Suli A. Mastorakos

By: _____
       Michael J. Strumwasser

*Attorneys for Defendants Marie Alvarado-Gil,
in her official capacity as California State Senator;
and Vanessa Bravo in her official capacity as Chief
of Staff to Senator Alvarado-Gil*

DEFENDANTS' ANSWER TO UNVERIFIED COMPLAINT

**PROOF OF SERVICE**

STATE OF CALIFORNIA
STANISLAUS COUNTY

Re: *Coelho v. Alvarado-Gil, et al.,* Case No. CV-25-005833

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 1250 Sixth Street, Suite 205, Santa Monica, California 90401. My electronic mail address is jthomson@strumwooch.com.

On **July 24, 2025**, I served the foregoing documents described as **DEFENDANTS' ANSWER TO UNVERIFIED COMPLAINT; DEMAND FOR JURY TRIAL** on all appropriate parties in this action, as listed below, by the method stated:

> Cory J. Briggs
> BRIGGS LAW CORPORATION
> 99 East "C" Street, Suite 203
> Upland, California 91786
> Telephone: (909) 949-7115
> Email: cory@briggslawcorp.com
>
> *Attorney for Plaintiff Kelley Coelho*

☒      If electronic Filing Service is indicated, I electronically filed the document(s) with the Clerk of the Court by causing the documents to be sent to One Legal, the Court's Electronic Filing Services Provider for electronic filing and service. Electronic service will be effected by One Legal's case-filing system at the electronic mail addresses indicated on the attached Service List.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the above is true and correct and that this is executed on **July 24, 2025,** at Los Angeles, California.

Jeff Thomson

7