BRIGGS LAW CORPORATION [FILE: 2226.00]
Cory J. Briggs (SBN 176284)
99 East "C" Street, Suite 203
Upland, CA 91786
Telephone: 909-949-7115

Attorneys for Plaintiff Kelley Coelho

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLEY COELHO, | CASE NO. 2:25-CV-02095-TLN-JDP |
| Plaintiff, | **PLAINTIFF KELLEY COELHO'S OPENING MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ORDER REMANDING LAWSUIT TO STATE COURT AND FOR AN AWARD OF ATTORNEY FEES AND COSTS; DECLARATION OF CORY J. BRIGGS; SUPPORTING EXHIBITS** |
| vs. | |
| MARIE ALVARADO-GIL; VANESSA BRAVO; and DOES 1 through 100, | |
| Defendants. | |

Courtroom:    2 (15th Floor)
Hearing Date: October 16, 2025
Hearing Time: 2:00 p.m.

Plaintiff KELLEY COELHO respectfully submits this opening memorandum of points and authorities in support of her motion for an order (*i*) remanding this entire lawsuit, or at least the state-law portions of the lawsuit, to state court; and (*ii*) retaining jurisdiction to award Plaintiff her attorney fees and costs incurred in connection with this motion.

Date: August 22, 2025.    Respectfully submitted,

BRIGGS LAW CORPORATION

By: _____
Cory J. Briggs

Attorneys for Plaintiff Kelley Coelho

## I. INTRODUCTION

This is Plaintiff's second visit to the Eastern District of California for essentially the same claims. She filed her first lawsuit – *in pro per* case no. 2:24-cv-02181-DC-JDP – to which Defendants, as employees (a legislator and her chief of staff) of the State of California, filed a motion to dismiss under the Eleventh Amendment. On June 4, 2025, the Magistrate Judge recommended dismissal on that basis, among others.[1]  *See* Briggs Decl., ¶ 1; Ex. 1.

Plaintiff thereafter retained the above-signed and filed a separate lawsuit in state court on June 17, 2025. Defendants filed a notice of removal of the state-court lawsuit to this Court on July 25, 2025. One day before filing their removal notice, however, Defendants filed an answer in state court and asserted Eleventh Amendment immunity as their third affirmative defense. *See* Briggs Decl., ¶ 2; Ex. 2.

Because Defendants had successfully asserted such immunity in Plaintiff's earlier federal lawsuit and re-asserted it in their answer to the subsequent state-court lawsuit, before filing this motion Plaintiff's counsel attempted to find out whether the State of California had in fact waived immunity under the Eleventh Amendment as applicable to Defendants for the claims asserted by Plaintiff in the state-court complaint. Defense counsel did not provide the requested proof of waiver, stating only that "our removal of the case to federal court reflected the state's acceptance of federal-court jurisdiction." *See* Briggs Decl., ¶ 3; Ex. 3.

Plaintiff having found no evidence of the state's waiver of the Eleventh Amendment as applicable to the claims asserted by her against Defendants in the state-court complaint, she filed this motion. *See* Briggs Decl., ¶ 4.

## II. ARGUMENT & ANALYSIS

In a lawsuit seeking damages against a state or state officials, the Eleventh Amendment deprives federal courts of jurisdiction to hear the dispute without the state's consent. "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. "A State's proper assertion of an Eleventh Amendment bar after removal means that the federal court cannot hear the barred claim." *Wisconsin Dept. of Corrections*

---

[1]  The final disposition of the first lawsuit is not yet known.

*v. Schacht*, 524 U.S. 381, 392 (1998); *see also Long v. Van de Kamp*, 961 F.2d 151, 152 (9th Cir. 1992) (concluding that "Eleventh Amendment bars federal court jurisdiction" against state official without evidence that official will employ supervisory powers against plaintiffs).

Plaintiff contends (*i*) that removal was improper because there is no evidence that the state waived its immunity under the Eleventh Amendment as applicable to Defendants for the claims asserted by Plaintiff in the state-court lawsuit; and (*ii*) that improper removal warrants an award of attorney fees and costs (via subsequent motion).  Both points are discussed below.

### A.    Improprieties of Removal and Defendants' Burden of Proof

"A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C.A. § 1447(c).  A remand motion based on lack of subject-matter jurisdiction may be made at any time before final judgment. *Id.*

"The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (quotations omitted).  "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004), opinion amended on denial of reh'g 387 F.3d 966 (9th Cir. 2004)).

When removal jurisdiction is not clear, a removing defendant may be required to prove that subject-matter jurisdiction exists.

> The authority which the statute vests in the court to enforce the limitations of its jurisdiction precludes the idea that jurisdiction may be maintained by mere averment or that the party asserting jurisdiction may be relieved of his burden by any formal procedure.  If his allegations of jurisdictional facts are challenged by his adversary in any appropriate manner, he must support them by competent proof.  And where they are not so challenged the court may still insist that the jurisdictional facts be established or the case be dismissed, and for that purpose the court may demand that the party alleging jurisdiction justify his allegations by a preponderance of evidence.

*Id.* at 567 (quoting *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

Defendants' failure to provide evidence that Eleventh Amendment immunity has been waived – after it was asserted in Plaintiff's earlier, *in pro per* federal lawsuit and again as an affirmative defense to her state-court lawsuit – suggests that there has been no such waiver.  Since this motion puts Defendants to the task of producing satisfactory evidence of an appropriate waiver by the state, the Court should grant this motion unless Defendants can meet their evidentiary burden.

### B.   The Court Should Retain Jurisdiction to Award Plaintiff's Fees and Costs

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C.A. § 1447(c).  The award of fees and costs is not mandatory and there is no presumption for or against such an award; it is entirely a matter of the Court's discretion.  *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005). However:

> As a matter of public policy, the party forced to bring a motion to remand an improperly removed case generally should be fully reimbursed for its costs in remanding the case whether the removal was in bad faith or otherwise.  The court's award of fees in this case is not a punitive award against defendants; it is simply reimbursement to plaintiffs of wholly unnecessary litigation costs the defendants inflicted. Attorney fees spent to remand an improperly removed case without bad faith cost just as much as fees spent to remand a case removed in bad faith.

*Moore v. Kaiser Found. Hospitals, Inc.*, 765 F.Supp. 1464, 1466 (N.D. Cal. 1991) (aff'd in part, remanded in part *sub nom. Moore v. Permanente Med. Group, Inc.*, 980 F.2d 738  (9th Cir. 1992), and aff'd *sub nom. Moore v. Permanente Med. Group, Inc.*, 981 F.2d 443 (9th Cir. 1992) ("*Moore III*").  In short, it is not necessary to show that the removal was "frivolous, unreasonable, or without foundation." *Martin, supra*, 546 U.S. at 138.

If this motion is granted, the Court should retain jurisdiction for purposes of considering Plaintiff's subsequent motion for attorney fees and costs. *See Moore III, supra*, 981 F.2d at 445 ("The district court retained jurisdiction after the remand to entertain Plaintiffs' motion for attorney's fees."). Any order remanding this lawsuit to state court should so indicate.

### III. CONCLUSION

For all the foregoing reasons, the Court should grant this motion in its entirety.

**PLAINTIFF KELLEY COELHO'S OPENING MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ORDER REMANDING LAWSUIT TO STATE COURT AND FOR AN AWARD OF ATTORNEY FEES AND COSTS**


Declaration of Cory J. Briggs

**DECLARATION OF CORY J. BRIGGS**

I, Cory J. Briggs, am over the age of 18 years and, if called as a witness in this case, will testify as follows:

0.    I am an attorney licensed to practice law in all courts in the State of California and in the Eastern District of California (among other federal courts). I am the attorney of record in this lawsuit for Plaintiff KELLEY COELHO.

1.    Attached hereto as Exhibit 1 is a true and correct copy of the Magistrate Judge's recommendations in case no. 2:24-cv-02181-DC-JDP.  I obtained it from the Court's online docket.

2.    Attached hereto as Exhibit 2 is a true and correct copy of the answer filed in Plaintiff's state-court lawsuit against the Defendants in this removal proceeding.  It was served on me by defense counsel in the ordinary course of business.

3.    Attached hereto as Exhibit 3 is a true and correct copy of my e-mail correspondence with attorney Michael Strumwasser from August 4-6, 2025.  He and I also had a telephone conversation on August 24, 2025.

4.    I have attempted to find evidence of a waiver of the State of California's immunity under the Eleventh Amendment as applicable to the Defendants in this removal proceeding by reviewing the Legislature's website for proposed and enacted legislation and by a search in various databases on Westlaw.  I have been unable to find any indication that such a waiver has been made.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Date: August 24, 2025.    _____
                                                    Cory J. Briggs

**PLAINTIFF KELLEY COELHO'S OPENING MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION FOR ORDER REMANDING LAWSUIT TO
STATE COURT AND FOR AN AWARD OF ATTORNEY FEES AND COSTS**

Exhibit 1

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KELLEY COELHO,

Plaintiff,

v.

MARIE ALVARADO-GIL, *et al.*,

Defendants.

Case No. 2:24-cv-2181-DC-JDP (PS)

ORDER; FINDINGS AND RECOMMENDATIONS

Plaintiff, proceeding pro se, brings this case against defendants Marie Alvarado-Gil, a California State Senator, and her Chief of Staff, Vanessa Bravo. Pending before the court is plaintiff's motion for reconsideration of its prior order denying plaintiff electronic filing privileges, motion for ADA assistance, motion for a protective order, and defendants' motion for judgment on the pleadings. For the reasons stated below, I will deny plaintiff's motions and recommend that defendants' motion be granted with leave to amend.

## I. Motion for Judgment on the Pleadings

### A. Legal Standards

A Rule 12(c) motion challenges the legal sufficiency of the opposing party's pleadings and operates in much the same manner as a motion to dismiss under Rule 12(b)(6). *Irish Lesbian and Gay Org. v. Giuliani*, 143 F.3d 638, 644 (2nd Cir.1998). The primary distinction between a

1

Rule 12(b)(6) motion and a motion for judgment on the pleadings is one of timing. Rule 12(b)(6) motions are typically brought before the defendant files an answer, while a motion for judgment on the pleadings can only be brought after the pleadings are closed. Fed. R. Civ. P. 12(c).

Judgment on the pleadings is appropriate if, assuming the truth of all materials facts pled in the complaint, the moving party is nonetheless entitled to judgment as a matter of law. *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1989). In addition to considering the allegations of the complaint, like a motion under Rule 12(b)(6), the court may also take into account materials to which it can take judicial notice. *Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 (9th Cir. 1999). A Rule 12(c) motion may consequently be granted if, after assessing both the complaint, plus matters for which judicial notice is proper, it appears "beyond doubt that the [non-moving party] cannot prove any facts that would support his claim for relief . . . ." *R.J. Corman Derailment Services, LLC v. Int'l Union of Operating Engineers, Local 150, AFL-CIO*, 335 F.3d 643, 647 (7th Cir. 2003).

**B.  Background**

This action proceeds on plaintiff's first amended complaint, wherein she alleges that defendants violated her First, Fourth, Ninth, and Fourteenth Amendment Rights. ECF No. 16.

Plaintiff alleges that on June 21, 2024, defendant Alvarado-Gil held a press conference at the Turlock County Police Department press room to address issues related to sexually violent predators ("SVP"). *Id.* at 5. The impetus for the press conference was that two SVP were scheduled to be released from a state hospital.[1] *Id.* at 14.

Plaintiff, and another individual, Jack Griffith, were inside the press room when Griffith was approached by an officer who asked to have a conversation with Griffith. *Id.* Griffith agreed and was escorted out of the press room. *Id.* at 15. The officer asked about Griffith's and plaintiff's press room credentials. *Id.* Griffith told the officer that he could provide his credentials, and plaintiff stated that her credentials were in her purse inside the building. *Id.* The officer then instructed plaintiff and Griffith to wait outside until the press room was cleared. *Id.*

---

[1] Many of the factual allegations are found in an attached statement from Jack Griffith. ECF No. 1 at 14-15.

Plaintiff alleges that Turlock Police Chief Mullins had her and Griffith removed at the behest of defendants because plaintiff is a disabled veteran. *Id.* at 8, 16.

### C. Analysis

Defendants argue that plaintiff's official capacity claims are barred by the Eleventh Amendment and that plaintiff's personal capacity claims are barred by qualified immunity.[2] ECF No. 29-1 at 7-8. Because plaintiff's official capacity claims are barred and the complaint fails to sufficiently plead any constitutional claim, I recommend that defendants' motion be granted.

#### 1. Eleventh Amendment Immunity

The Eleventh Amendment bars a lawsuit against a state or its agencies absent the state's consent or Congressional abrogation of immunity. *Papasan v. Allain*, 478 U.S. 265, 276-77 (1986). The Eleventh Amendment also "bars a federal action for damages, or other retroactive relief, against a state official acting in his or her official capacity." *Khanna v. State Bar of Cal.*, 505 F. Supp. 2d 633, 645 (N.D. Cal. 2007); *see Central Reserve Life of N. Am. Ins. Co. v. Struve ("Central Reserve")*, 852 F.2d 1158, 1160-61 (9th Cir. 1988). Here, plaintiff does not explicitly state whether she brings her claims against defendants in their official or individual capacities, but if she intended to assert claims against defendants in their official capacity, those claims are barred.[3] *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (clarifying that suits against state officials in their official capacity are no different from suits against the state itself).

#### 2. Qualified Immunity

"The doctrine of qualified immunity protects government officials from liability for civil

---

[2] In a rather atypical manner, defendants argue that the court should find that they are entitled to qualified immunity because plaintiff fails to plead a constitutional claim. *See Kelly v. Gallagher*, No. CV-23-00068-TUC-CKJ, 2025 WL 861952, at *5 (D. Ariz. Mar. 19, 2025) ("The Court is aware that it acts at the confluence of two well-intentioned doctrines, notice pleading and qualified immunity, that give rise to an exercise in legal decision-making based on facts both hypothetical and vague."). The undersigned will construe defendants' argument as a simpler one—that plaintiff has failed to state a claim. Defendants may raise the issue of qualified immunity at a later date, if plaintiff pleads cognizable constitutional claims.

[3] Plaintiff also seeks only monetary relief, not prospective relief. *See Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 73 (1996) ("[W]e often have found federal jurisdiction over a suit against a state official when that suit seeks only prospective injunctive relief in order to end a continuing violation of federal law." (quotation marks omitted)).

3

damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (internal quotation marks omitted) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). To determine whether an officer is entitled to qualified immunity, the court asks, in the order it chooses, (1) whether the alleged misconduct violated a constitutional right; and (2) whether the right was clearly established at the time of the alleged misconduct. *See Hernandez v. City of San Jose*, 897 F.3d 1125, 1132 (9th Cir. 2018). Plaintiff asserts claim under four constitutional claims. The court will address whether the alleged misconduct violated plaintiff's constitutional rights in turn.

First, plaintiff alleges that defendants' directive to exclude her from the press room was a violation of her First Amendment right to speech, assembly, and privacy. ECF No. 16 at 5. This threadbare allegation cannot support a First Amendment claim. Although the First Amendment covers a diverse array of rights such as freedom of speech, freedom of press, religious freedom, freedom of assembly, and the right to petition the government, plaintiff does not set forth sufficient facts establishing that her First Amendment rights were violated.

Next, plaintiff alleges that she was forcibly removed from the press room, which resulted in an unlawful seizure and restriction of her freedom, and which prevented her from being at a public event without justification. ECF No. 16 at 5. To state a claim for unlawful seizure or detention, plaintiff "must allege facts plausibly showing that, considering the circumstances known to the officer at the time, (1) the officer did not have a reasonable suspicion to believe that plaintiff was engaged in criminal activity, and (2) the length and scope of the seizure was unreasonable." *Calderon v. City of San Jose*, No. 24-cv-0289-VKD, 2024 WL 3560729, at *3 (N.D. Cal. July 26, 2024) (citing *Washington v. Lambert*, 98 F.3d 1181, 1185 (9th Cir. 1996)).

Plaintiff fails to state a claim for unlawful seizure. The only allegation in the complaint is that plaintiff was removed from the press room by an officer. The complaint is silent as to the events or circumstances preceding her alleged seizure or detention by officers. Plaintiff's complaint is also silent regarding the length and scope of any alleged seizure. These general, conclusory allegations are insufficient to state a claim.

The complaint next alleges that plaintiff's Ninth Amendment rights were violated because her fundamental rights were unjustly infringed upon, and she was not allowed to engage in public discourse or advocacy.[4] ECF No. 16 at 5. "[T]he Ninth Amendment 'has not been interpreted as independently securing any constitutional rights for purposes of making out a constitutional violation.'" *San Diego Cnty. Gun Rights Comm. v. Reno*, 98 F.3d 1121, 1125 (9th Cir.1996) (quoting *Schowengerdt v. United States*, 944 F.2d 483, 490 (9th Cir. 1991)). As long as Congress acts pursuant to an enumerated power and does not exceed a "specific limitation" on that power, an "objection . . . that the exercise of [that] power infringes upon rights served by the ninth and tenth amendments . . . must fail." *Barton v. C.I.R.*, 737 F.2d 822, 823 (9th Cir. 1984) (per curiam). Accordingly, plaintiff's Ninth Amendment claim fails to state a claim for relief.

Finally, plaintiff alleges that defendants violated the Fourteenth Amendment by subjecting her to disparate treatment. ECF No. 16 at 5. "The Equal Protection Clause requires the State to treat all similarly situated people equally." *Shakur v. Schriro*, 514 F.3d 878, 891 (9th Cir. 2008) (citation omitted). "To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (citations omitted). "'The first step in equal protection analysis is to identify the [defendants' asserted] classification of groups.'" *Thornton v. City of St. Helens*, 425 F.3d 1158, 1166 (9th Cir. 2005) (quoting *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1187 (9th Cir. 1995)). "The groups must be comprised of similarly situated persons so that the factor motivating the alleged discrimination can be identified." *Id.* (citation omitted). The complaint does not allege that she is a member of a protected class, or how defendants acted with a discriminatory intent or purpose based on her membership in that protected class.[5]

---

[4] Plaintiff provides no statement of support for her Ninth Amendment claim in her opposition to defendants' motion for judgment on the pleadings, which leads to the court to believe that plaintiff might not contest the dismissal of that claim.

[5] Plaintiff alleges that she belongs to the protected class of disabled veterans. However, "the disabled do not constitute a suspect class" for equal protection purposes, *Does 1-5 v. Chandler*, 83 F.3d 1150, 1155 (9th Cir. 1996), and neither does being a veteran, *see Miller v.*

5

Because plaintiff has not stated a constitutional claim, the court need not consider the second prong of the qualified immunity analysis and dismisses the complaint on the grounds that it fails to state a claim.

## II.     Plaintiff's Motions

Plaintiff moves for reconsideration of my prior order denying her electronic filing privileges and has filed motions for ADA assistance and for a protective order. ECF Nos. 26, 27, & 30. For the reasons explained below, each motion is denied.

Under Rule 60(b), the court may grant reconsideration of a final judgment and any order based on: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which, with reasonable diligence, could not have been discovered within ten days of entry of judgment; and (3) fraud, misrepresentation, or misconduct of an opposing party. *See* Fed. R. Civ. P. 60(b)(1)-(3). A motion for reconsideration on any of these grounds must be brought "within a reasonable time." Fed. R. Civ. P. 60(c)(1). Motions for reconsideration should be granted only in rare circumstances. *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). Mere disagreement with a previous order is an insufficient basis for reconsideration. *See Leong v. Hilton Hotels Corp.*, 689 F. Supp. 1572, 1573 (D. Haw. 1988).

Plaintiff seeks reconsideration of the court's order denying her electronic filing privileges on the basis that she is now has formal ADA protections, her disability makes it difficult for her to file documents in-person or via mail, and other courts have allowed pro se litigants permission to electronically file. ECF No. 26 at 2. Plaintiff asks in the alternative that she be referred to the court's ADA coordinator.[6] *Id.*

As previously explained to plaintiff, "any person appearing pro se may not utilize electronic filing except with permission of the assigned Judge or Magistrate Judge." E.D. Cal. L.R. 133(b)(2). "Requests to use paper or electronic filing as exceptions from these Rules shall

_____

*United States*, 73 F.3d 878, 881 (9th Cir. 1995).

[6] The court provides accommodations for persons with communication disabilities. Should plaintiff have challenges with communication, she may contact the court's access coordinator (https://www.caed.uscourts.gov/caednew/index.cfm/attorney-info/accommodations-for-communication-disabilities/).

6

be submitted as stipulations as provided in L.R. 143 or, if a stipulation cannot be had, as written motions setting out an explanation of reasons for the exception." E.D. Cal. L.R. 133(b)(3). The court finds that plaintiff has not demonstrated a proper basis under Rule 60(b) to reconsider its prior order denying her permission to electronically file. And in any event, plaintiff has demonstrated that she is sufficiently capable of filing documents and pleadings without electronic access. *See* ECF Nos. 1, 2, 6, 15, 16, 18 ,19, 26, 27, 28, 30, 31, 32, 33, & 34.

Plaintiff next moves for "Court-Provided Assistance with Filings" and "Clerk's Office Assistance with E-Filing and Case Management." ECF No. 27. Plaintiff asks that the court assist her with "formatting, submission[s], and case tracking," "a minimum 14-day extension for all filing deadlines as needed," "[a]ppointment of a court assistant or legal navigator," and "Clerk's office assistance with e-filing and case management." *Id.* at 2.

Such a motion is not contemplated by the Federal Rules of Civil Procedure and thus will be denied. Additionally, the court will not permit a blanket extension on all deadlines. Should plaintiff need additional time, she may file a motion which demonstrates good cause for an extension.

Finally, plaintiff moves for a protective order. ECF No. 30. This motion is denied because it was not properly noticed and because it fails to comply with the requirements of Federal Rule of Civil Procedure 26(c). The motion, brought under the discovery rules, needed to comply with my civil standing order, which requires that the parties to engage in a pre-discovery motion conference. The parties are directed to review my civil standing order, especially in regard to discovery motions, before filing any future motions. Further, Federal Rule 26(c) requires a motion for a protective order to "include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." Plaintiff's motion contains no such certification.

Accordingly, it is hereby ORDERED that plaintiff's motion for reconsideration, ECF No. 26, motion for ADA assistance, ECF No. 27, and motion for a protective order, ECF No. 30, are denied.

Further, it is hereby RECOMMENDED that:

1. Defendants' motion for judgment on the pleadings, ECF No. 29, be GRANTED.

2. Plaintiff's first amended complaint, ECF No. 16, be DISMISSED with leave to amend.

3. Plaintiff shall file a second amended complaint within fourteen days for any order addressing these findings and recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.


Dated:     June 4, 2025     _____

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

8

**PLAINTIFF KELLEY COELHO'S OPENING MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION FOR ORDER REMANDING LAWSUIT TO
STATE COURT AND FOR AN AWARD OF ATTORNEY FEES AND COSTS**

Exhibit 2

MICHAEL J. STRUMWASSER (SBN 58413)
ANDREA SHERIDAN ORDIN (SBN 38235)
SALVADOR E. PÉREZ (SBN 309514)
STRUMWASSER & WOOCHER LLP
1250 6th Street, Suite 205
Santa Monica, California 90401
Tel: (310) 576-1233
Fax: (310) 319-0156
Email:  mstrumwasser@strumwooch.com
        aordin@strumwooch.com
        sperez@strumwooch.com

CARA L. JENKINS (SBN 271432)
BRIAN A. BOBB (SBN 250594)
SULI A. MASTORAKOS (SBN 330383)
OFFICE OF LEGISLATIVE COUNSEL
925 L Street, Suite 900
Sacramento, California 95814
Tel: (916) 341-8323
Fax: (916) 341-8290
Email:  suli.mastorakos@legislativecounsel.ca.gov

*Attorneys for Defendants Marie Alvarado-Gil,
in her official capacity as California State Senator;
and Vanessa Bravo, in her official capacity as Chief
of Staff to Senator Alvarado-Gil*

Electronically Filed
7/24/2025
Superior Court of California
County of Stanislaus
Clerk of the Court
By: Jenna Ehrenholm, Deputy

$435 GOVEX
$435 GOVEX

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF STANISLAUS – CIVIL DIVISION**

| | |
|---|---|
| KELLEY COELHO,<br><br>                    Plaintiff,<br><br>      v.<br><br>MARIE ALVARADO-GIL; VANESSA BRAVO;<br>and DOES 1 through 100,<br><br>                  Defendants. | Case No. CV-25-005833<br><br>**DEFENDANTS' ANSWER TO UNVERIFIED COMPLAINT; DEMAND FOR JURY TRIAL**<br><br>Date:    N/A<br>Time:    N/A<br>Dept:    23<br>Judge:  Hon. John D. Freeland<br><br>Action Filed: June 17, 2025 |

Printed on Recycled Paper

Defendant MARIE ALVARADO-GIL, in her official capacity as California State Senator, and Defendant VANESSA BRAVO, in her official capacity as Chief of Staff to Senator Alvarado-Gil, ("Defendants") by and through the undersigned counsel, hereby answer for themselves the unverified Complaint for Violations of Civil Rights ("Complaint") filed by Plaintiff KELLEY COELHO as follows:

## GENERAL DENIAL

Pursuant to subdivision (d) of section 431.30 of the California Code of Civil Procedure, Defendants hereby answer the unverified Complaint filed by Plaintiff by generally denying each and every allegation contained therein. Defendants further deny that Plaintiff has been damaged in the manner alleged, or at all, or that Plaintiff is entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

Defendants hereby plead the following separate and additional defenses to the Complaint. Defendants hereby plead the following separate and additional defenses to the Complaint. By alleging the separate and additional defenses set forth below, Defendants intend no alteration of the burden of proof and/or burden of going forward with evidence that otherwise exists with respect to any particular issue at law or in equity. Furthermore, all such defenses are pleaded in the alternative, and do not constitute an admission of liability or that Plaintiffs are entitled to any relief whatsoever. Without limiting or waiving any defenses available to it, and based on information and belief unless otherwise stated, Defendants allege as follows:

### FIRST AFFIRMATIVE DEFENSE
(*Failure to State a Claim*)

The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

//

//

//

2

## SECOND AFFIRMATIVE DEFENSE
### (*Uncertainty*)

The Complaint, in whole or in part, is uncertain, ambiguous, and unintelligible because it purports to assert jurisdiction other than 42 U.S.C. section 1983 and Code of Civil Procedure section 1060 without identifying those "other provisions of law" under which Plaintiff alleges that the Court has jurisdiction. Further, the Complaint is uncertain, ambiguous, and unintelligible because it purports to assert the Defendants' liability for violations of "other things" than the enumerated statutes and constitutional provisions identified. In the absence of specification of the legal bases asserted for the Court's jurisdiction and the alleged bases for Defendants' liability, Defendants cannot reasonably respond to the Complaint and cannot reasonably determine what issues must be admitted or denied.

## THIRD AFFIRMATIVE DEFENSE
### (*Sovereign Immunity*)

The Complaint, in whole or in part, fails because Defendants are entitled to sovereign immunity under the Eleventh Amendment.

## FOURTH AFFIRMATIVE DEFENSE
### (*Qualified Immunity*)

Defendants are entitled to qualified immunity.

## FIFTH AFFIRMATIVE DEFENSE
### (*Discretionary Act Immunity*)

The Complaint, in whole or in part, fails because Defendants are entitled to discretionary act immunity.

## SIXTH AFFIRMATIVE DEFENSE
### (*Failure to Join a Necessary or Indispensable Party*)

The Complaint, in whole or in part, fails because Plaintiff has failed to name and join a necessary or indispensable party.

## SEVENTH AFFIRMATIVE DEFENSE
### (*No Violation of a Legal Duty*)

The Complaint is barred, in whole or in part, because Defendants did not violate any legal duty owed to Plaintiff.

//

3

**EIGHTH AFFIRMATIVE DEFENSE**
(*Good Faith*)

The Complaint, in whole or in part, is barred because Defendants undertook any challenged acts or omissions, in part or in total, in good faith and in conformity with applicable statutes, orders, rulings, regulations, and/or interpretations.

**NINTH AFFIRMATIVE DEFENSE**
(*Unjust Enrichment*)

Any recovery by Plaintiff on the Complaint against Defendants would be unfair and would constitute unjust enrichment.

**TENTH AFFIRMATIVE DEFENSE**
(*Unclean Hands*)

The Complaint is barred, in whole or in part, by the doctrine of unclean hands.

**ELEVENTH AFFIRMATIVE DEFENSE**
(*Conduct Not Wrongful*)

The Complaint is barred, in whole or in part, because Defendants' conduct was not wrongful or otherwise unlawful.

**TWELFTH AFFIRMATIVE DEFENSE**
(*Superseding and Intervening Acts*)

Any damage allegedly sustained by Plaintiff was caused, in whole or in part, by the superseding and intervening acts and omissions of persons or entities for whose conduct Defendants are not responsible.

**THIRTEENTH AFFIRMATIVE DEFENSE**
(*No Causation*)

The Complaint is barred, in whole or in part, because Plaintiff's damages, if any, were not caused by Defendants.

**FOURTEENTH AFFIRMATIVE DEFENSE**
(*No Damages*)

Without admitting that the Complaint states a claim, there has been no damage in any amount, manner, or at all by reason of any act alleged against Defendants in the Complaint, and the relief prayed for in the Complaint therefore cannot be granted.

DEFENDANTS' ANSWER TO UNVERIFIED COMPLAINT

### FIFTEENTH AFFIRMATIVE DEFENSE
#### (*Absence of Malice*)

Any acts or omissions by Defendants, if any, were not the result of oppression, fraud, or malice.

### SIXTEENTH AFFIRMATIVE DEFENSE
#### (*No Deprivation of Constitutional Rights*)

Defendants were not the proximate cause of the Plaintiff's alleged deprivation of a constitutionally protected right, privilege, or immunity.

### SEVENTEENTH AFFIRMATIVE DEFENSE
#### (*Undiscovered Affirmative Defenses Reserved*)

Defendants reserve their right to add, delete, or modify any and all defenses which may pertain to the Complaint that are now or may become available in this action through clarification or amendment of the Complaint, through discovery, through further legal analysis of Plaintiff's or Defendant's claims and positions in this litigation, or otherwise.

### PRAYER FOR RELIEF

WHEREFORE, Defendants pray that judgment be entered as follows:

1.      Plaintiff take nothing by way of her Complaint, and that judgment be entered in favor of Defendants;

2.      The Complaint be dismissed with prejudice;

3.      Defendants recover costs of suit incurred herein and attorneys' fees as allowed by law or statute; and

4.      Defendants be awarded such other relief as the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Defendants hereby demand a trial by jury.

//

//

5

Dated: July 24, 2025

Respectfully submitted,

STRUMWASSER & WOOCHER LLP
Michael J. Strumwasser
Andrea Sheridan Ordin
Salvador E. Pérez

OFFICE OF LEGISLATIVE COUNSEL
Cara L. Jenkins
Brian A. Bobb
Suli A. Mastorakos

By: _____

      Michael J. Strumwasser

*Attorneys for Defendants Marie Alvarado-Gil,
in her official capacity as California State Senator;
and Vanessa Bravo in her official capacity as Chief
of Staff to Senator Alvarado-Gil*

DEFENDANTS' ANSWER TO UNVERIFIED COMPLAINT

**PROOF OF SERVICE**

STATE OF CALIFORNIA
STANISLAUS COUNTY

Re: *Coelho v. Alvarado-Gil, et al.,* Case No. CV-25-005833

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 1250 Sixth Street, Suite 205, Santa Monica, California 90401. My electronic mail address is jthomson@strumwooch.com.

On **July 24, 2025**, I served the foregoing documents described as **DEFENDANTS' ANSWER TO UNVERIFIED COMPLAINT; DEMAND FOR JURY TRIAL** on all appropriate parties in this action, as listed below, by the method stated:

Cory J. Briggs
BRIGGS LAW CORPORATION
99 East "C" Street, Suite 203
Upland, California 91786
Telephone: (909) 949-7115
Email: cory@briggslawcorp.com

*Attorney for Plaintiff Kelley Coelho*

☒     If electronic Filing Service is indicated, I electronically filed the document(s) with the Clerk of the Court by causing the documents to be sent to One Legal, the Court's Electronic Filing Services Provider for electronic filing and service. Electronic service will be effected by One Legal's case-filing system at the electronic mail addresses indicated on the attached Service List.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the above is true and correct and that this is executed on **July 24, 2025,** at Los Angeles, California.

Jeff Thomson

7

DEFENDANTS' ANSWER TO UNVERIFIED COMPLAINT

**PLAINTIFF KELLEY COELHO'S OPENING MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ORDER REMANDING LAWSUIT TO STATE COURT AND FOR AN AWARD OF ATTORNEY FEES AND COSTS**

Exhibit 3

## Cory Briggs

| | |
|---|---|
| **From:** | Michael Strumwasser <mstrumwasser@strumwooch.com> |
| **Sent:** | Wednesday, August 6, 2025 10:49 AM |
| **To:** | Cory Briggs |
| **Cc:** | Brian Bobb; Mastorakos, Suli |
| **Subject:** | RE: Coelho v. Alvardo-Gil et al. |

I'm sorry, Cory, but I don't think that this is the time or place for us to be trading legal theories or evidentiary requests. Obviously, our removal of the case to federal court reflected the state's acceptance of federal-court jurisdiction.

Michael

**From:** Cory Briggs <cory@briggslawcorp.com>
**Sent:** Monday, August 4, 2025 3:41 PM
**To:** Michael Strumwasser <mstrumwasser@strumwooch.com>; Brian Bobb <Brian.Bobb@legislativecounsel.ca.gov>; suli.mastorakos@legislativecounsel.ca.gov; Andrea Sheridan Ordin <aordin@strumwooch.com>; Salvador E. Pérez <sperez@strumwooch.com>
**Cc:** Brian Bobb <Brian.Bobb@legislativecounsel.ca.gov>; Mastorakos, Suli <Suli.Mastorakos@legislativecounsel.ca.gov>; Andrea Sheridan Ordin <aordin@strumwooch.com>; Salvador E. Pérez <sperez@strumwooch.com>; Lina Volin <lvolin@strumwooch.com>
**Subject:** RE: Coelho v. Alvardo-Gil et al.

Hi, Michael.

Is there any proof that the state has waived its federal-court immunity under the 11th Amendment for damages cases? If so, what is the proof? I assume the proof would take the form of some sort of legislative or executive action, which is why I asked for a citation. But whatever the evidence is, I'd like to know what it is.

Thanks.

Cory J. Briggs
Briggs Law Corporation
99 East "C" Street, Suite 203, Upland, CA 91786
Telephone: 909-949-7115 (office); 619-736-9086 (direct)
Facsimile: 909-949-7121
E-mail: cory@briggslawcorp.com

**Please consider the environment before printing this e-mail, and print double-sided whenever possible.**

Important Notice: This message contains confidential information intended only for the use of the addressee(s) named above and may contain information that is legally privileged. If you are not an addressee or the person responsible for delivering this message to the addressee(s), you are hereby notified that reading, disseminating, distributing, or copying this message is strictly prohibited. If you have received this message by mistake, please immediately notify me by replying to this message and then delete the original message and your reply immediately thereafter. Thank you very much.

Internal Revenue Service Circular 230 Disclosure: Nothing in this message is intended or written by Briggs Law Corporation (including its attorneys and staff) to be used and cannot be used for the purpose of (*i*) avoiding penalties under the Internal Revenue Code or (*ii*) promoting, marketing, or recommending to another party any transaction or matter addressed in this message.

**From:** Michael Strumwasser <mstrumwasser@strumwooch.com>
**Sent:** Monday, August 4, 2025 3:39 PM
**To:** Cory Briggs <cory@briggslawcorp.com>; Brian Bobb <Brian.Bobb@legislativecounsel.ca.gov>; suli.mastorakos@legislativecounsel.ca.gov; Andrea Sheridan Ordin <aordin@strumwooch.com>; Salvador E. Pérez <sperez@strumwooch.com>
**Cc:** Brian Bobb <Brian.Bobb@legislativecounsel.ca.gov>; Mastorakos, Suli <Suli.Mastorakos@legislativecounsel.ca.gov>; Andrea Sheridan Ordin <aordin@strumwooch.com>; Salvador E. Pérez <sperez@strumwooch.com>; Lina Volin <lvolin@strumwooch.com>
**Subject:** RE: Coelho v. Alvarado-Gil et al.

Hello, Mr. Briggs. I do not understand your question. Can you clarify what you are requesting and the basis for the request? Thanks in advance for your clarification.



**Michael J. Strumwasser**
Strumwasser & Woocher LLP
1250 6th Street, Suite 205
Santa Monica, CA 90401

**Phone**: 310-576-1233
**Direct**: 310-933-5917
**Email**: mstrumwasser@strumwooch.com

**www.strumwooch.com**

**From:** Cory Briggs <cory@briggslawcorp.com>
**Sent:** Wednesday, July 30, 2025 11:44 AM
**To:** suli.mastorakos@legislativecounsel.ca.gov; Michael Strumwasser <mstrumwasser@strumwooch.com>; Andrea Sheridan Ordin <aordin@strumwooch.com>; Salvador E. Pérez <sperez@strumwooch.com>
**Subject:** Coelho v. Alvarado-Gil et al.

Good morning, counsel.

I am receipt of the attached removal notice. Can you please provide me with a citation to the legal authorization, or with documentation, of the state's waiver of 11th Amendment immunity applicable to your clients for this case (either generally or specifically)? I have not found such legal authority and have not seen such documentation.

Thanks in advance. I look forward to working with you on this case.

Cory J. Briggs
Briggs Law Corporation
99 East "C" Street, Suite 203, Upland, CA 91786
Telephone: 909-949-7115 (office); 619-736-9086 (direct)
Facsimile: 909-949-7121
E-mail: cory@briggslawcorp.com

**Please consider the environment before printing this e-mail, and print double-sided whenever possible.**

2

Important Notice: This message contains confidential information intended only for the use of the addressee(s) named above and may contain information that is legally privileged. If you are not an addressee or the person responsible for delivering this message to the addressee(s), you are hereby notified that reading, disseminating, distributing, or copying this message is strictly prohibited. If you have received this message by mistake, please immediately notify me by replying to this message and then delete the original message and your reply immediately thereafter. Thank you very much.

Internal Revenue Service Circular 230 Disclosure: Nothing in this message is intended or written by Briggs Law Corporation (including its attorneys and staff) to be used and cannot be used for the purpose of (*i*) avoiding penalties under the Internal Revenue Code or (*ii*) promoting, marketing, or recommending to another party any transaction or matter addressed in this message.

## Disclaimer

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

## Disclaimer

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

## PROOF OF SERVICE

1.   My name is **Ruth Flores**                                  . I am over the age of eighteen. I am employed in the State of California, County of **San Bernardino**                     .

2.   My ✓ business_____ residence address is **Briggs Law Corporation, 99 East "C" Street, Suite 203, Upland, CA 91786**                                                                        .

3.   On                **August 25 , 2025**        , I served ____ an original copy ✓ a true and correct copy of the following documents: **PLAINTIFF KELLEY COELHO'S OPENING MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ORDER REMANDING LAWSUIT TO STATE COURT AND FOR AN AWARD OF ATTORNEY FEES AND COSTS; DECLARATION OF CORY J. BRIGGS; SUPPORTING EXHIBITS**

4.   I served the documents on the person(s) identified on the attached mailing/service list as follows:

____ *by personal service*. I personally delivered the documents to the person(s) at the address(es) indicated on the list.

____ *by U.S. mail*. I sealed the documents in an envelope or package addressed to the person(s) at the address(es) indicated on the list, with first-class postage fully prepaid, and then I

____ deposited the envelope/package with the U.S. Postal Service

____ placed the envelope/package in a box for outgoing mail in accordance with my office's ordinary practices for collecting and processing outgoing mail, with which I am readily familiar. On the same day that mail is placed in the box for outgoing mail, it is deposited in the ordinary course of business with the U.S. Postal Service.

I am a resident of or employed in the county where the mailing occurred. The mailing occurred in the city of _____**Upland** , California.

____ *by overnight delivery*. I sealed the documents in an envelope/package provided by an overnight-delivery service and addressed to the person(s) at the address(es) indicated on the list, and then I placed the envelope/package for collection and overnight delivery in the service's box regularly utilized for receiving items for overnight delivery or at the service's office where such items are accepted for overnight delivery.

____ *by facsimile transmission*. Based on an agreement of the parties or a court order, I sent the documents to the person(s) at the fax number(s) shown on the list. Afterward, the fax machine from which the documents were sent reported that they were sent successfully.

✓ *by e-mail delivery*. Based on the parties' agreement or a court order or rule, I sent the documents to the person(s) at the e-mail address(es) shown on the list. I did not receive, within a reasonable period of time afterward, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws _____ of the United States ✓ of the State of California that the foregoing is true and correct.

Date: _____**August 25 , 2025**_____     Signature: _____

**SERVICE LIST**

Kelley Coelho vs. Marie Alvarado-Gil, et al.
United States District Court - Eastern District of California Case No. 2:25-CV-02095-JDP
[Stanislaus County Superior Court Case No. CV-25-005833]

Michael J. Strumwasser
Andrea Sheridan Ordin
Salvador E. Pérez
STRUMWASSER & WOOCHER LLP
1250 6th Street, Suite 205
Santa Monica, California 90401
Telephone: (310) 576-1233
Facsimile: (310) 319-0156
mstrumwasser@strumwooch.com
aordin@strumwooch.com
sperez@strumwooch.com

*Attorneys for Defendants Marie
Alvarado-Gil, in her official capacity as
California State Senator; and Vanessa
Bravo, in her official capacity as Chief
of Staff to Senator Alvarado-Gil*

Cara L. Jenkins
Brian A. Bobb
Suli A. Mastorakos
OFFICE OF LEGISLATIVE COUNSEL
925 L Street, Suite 900
Sacramento, California 95814
Telephone: (916) 341-8323
Facsimile: (916) 341-8290
suli.mastorakos@legislativecounsel.ca.gov

*Attorneys for Defendants Marie
Alvarado-Gil, in her official capacity as
California State Senator; and Vanessa
Bravo, in her official capacity as Chief
of Staff to Senator Alvarado-Gil*