UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KELLEY COELHO,

              Plaintiff,

    v.

MARIE ALVARADO-GIL, *et al.*,

              Defendants.

Case No.  2:25-cv-02095-DAD-JDP

ORDER

Plaintiff moves to remand this matter to the Superior Court of California, County of Stanislaus.  ECF No. 6.  The motion is denied.  Also pending are two motions filed by plaintiff herself: a request to preserve the federal record, ECF No. 19, and a request for reassignment to a district judge, ECF No. 20.  Both motions are disregarded as counsel represents plaintiff.

Plaintiff argues that this action should be remanded in its entirety, "or at least the state-law portions of the lawsuit" because this court "may not entertain this lawsuit under the Eleventh Amendment to the U.S. Constitution."[1]  ECF No. 6 at 1.  Not so.

First, the complaint contains a single cause of action under 28 U.S.C. § 1983, providing this court with federal question jurisdiction.[2]  *See* 28 U.S.C. § 1331; *Caterpillar Inc. v. Williams*,

---

[1] Plaintiff also asks the court to retain jurisdiction to award plaintiff attorney's fees and costs associated with the filing of this motion.  ECF No. 6-1 at 4.  Because the motion is denied, this request is also necessarily denied.

[2] Plaintiff asks the court to remand either the entire complaint or "the state-law portions,"

1

482 U.S. 386, 392 (1987).  Second, plaintiff asserts that defendants failed "to provide evidence that Eleventh Amendment immunity has been waived."  ECF No. 6-1 at 4.  However, defendants waived their immunity by removing this action to federal court, *see Walden v. Nevada*, 945 F.3d 1088, 1094 (9th Cir. 2019) ("[A] State that removes a case to federal court waives its immunity from suit on all federal-law claims in the case, including those federal-law claims that Congress failed to apply to the states through unequivocal and valid abrogation of their Eleventh Amendment immunity"), and have explicitly acknowledged such, *see* ECF No. 10 at 7 ("By removing this action to this Court, Defendants have waived their Eleventh Amendment immunity from suit in federal court and accepted this Court's jurisdiction.").

Accordingly, it is hereby ORDERED that:

1.  Plaintiff's motion to remand, ECF No. 6, is DENIED.

2.  Plaintiff's filings at ECF Nos. 19 & 20 are DISREGARDED.

IT IS SO ORDERED.

Dated:     March 19, 2026          _____
                                   JEREMY D. PETERSON
                                   UNITED STATES MAGISTRATE JUDGE

---

but the complaint contains no state law claims; it contains a singular federal claim.  *See* ECF No. 1 at 6-7.

2