UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLEY COELHO, *et al.*, | Case No.  2:25-cv-2095-JDP |
| Plaintiffs, | |
| v. | ORDER |
| MARIE ALVARADO-GIL, *et al.*, | |
| Defendants. | |

This matter was before the court on May 7, 2026, for an initial scheduling conference. Cory Briggs appeared on behalf of plaintiff, and Andrea Ordin and Salvador Perez appeared on behalf of defendants.  Plaintiff herself was also present.  During the conference, Briggs notified the court that plaintiff had terminated his representation of her.  The court told attorney Briggs that he remained obligated to represent plaintiff until he filed a motion to withdraw and such motion was granted.  Briggs has since filed a motion to withdraw.  The motion is granted.

Briggs states in the motion that he must withdraw because there has been a substantial breakdown in communication between himself and plaintiff.  ECF No. 27 at 3; *see* Cal. R. Prof. Conduct 1.16(b).  Briggs states that he has advised plaintiff of upcoming deadlines and recommended that she obtain new counsel if appropriate.  ECF No. 27 at 5.  He also attached a copy of an email that plaintiff sent to opposing counsel on May 5, 2026.  *Id.* at 7.  In the email, plaintiff states, "Good morning, I am in the process of obtaining new counsel.  My last attorney

1

Cory Briggs was terminated over a year ago.  I will be requesting leave to obtain new counsel. - Kelley Coelho." *Id.*

Pursuant to the court's local rules, "[w]ithdrawal as attorney is governed by the Rules of Professional Conduct of the State Bar of California, and the attorney shall form to the requirements of those Rules." E.D. Cal. L.R. 182(d).  If withdrawal would leave a client without counsel, an attorney must file a formal motion and provide the client and all other parties with notice of the motion to withdrawal.  *Id*.  The attorney must also submit an affidavit providing the current or last known address of the client and describing the efforts made to notify the client of the motion to withdraw.  *Id.*

The California Rules of Professional Conduct provide that an attorney may withdraw from representation if the client "renders it unreasonably difficult for the member to carry out the employment effectively."  Cal. R. Prof. Conduct 3-700(C)(1)(d).  The decision to grant or deny counsel's motion to withdraw is committed to the district court's discretion.  *United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009).  "When ruling on motions to withdraw, courts consider: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case."  *Bernstein v. City of Los Angeles*, No. CV 19-03349 PA (GJSx), 2020 WL 4288443, at *1 (C.D. Cal. Feb. 25, 2020) (internal quotation marks and citations omitted).

Briggs has shown good cause for withdrawal.[1]  Counsel's inability to communicate with plaintiff renders it unreasonably difficult for him to conduct his job effectively.  Indeed, plaintiff

---

[1] Briggs did not "submit an affidavit providing the current or last known address of the client and describing the efforts made to notify the client of the motion to withdraw," as required by Local Rule 182, however the court is satisfied that plaintiff is on notice of counsel's intent to withdraw.  Briggs stated on the record during the scheduling conference that he intends to withdraw, and plaintiff confirmed with the court that she had terminated his representation of her. Additionally, Briggs attached an email plaintiff wrote to defendants stating that she terminated Briggs over a year ago.

As for plaintiff's current or last known address, the court will direct that court orders be sent to an address plaintiff has recently used in her other matters with this court.  *See Coelho, et al., v. City of Turlock*, No. 2:26-cv-0887-DAD-AC (address listed as P.O. Box 1115 Hughson, CA 95326); *Coelho v. Alvarado-Gil, et al.,* No. 2:24-cv-2182-DC-JDP (same).

has articulated that she does not wish to have Briggs represent her. *See* ECF No. 27 at 7. In light of the circumstances, Briggs has demonstrated good cause for withdrawal as attorneys of record for plaintiff. The Clerk of Court will be directed to amend the docket to reflect that plaintiff Kelly Coelho now represents herself in this matter.

Accordingly, it is hereby ORDERED that:

1. Briggs's motion to withdraw as counsel, ECF No. 27, is GRANTED.

2. The Clerk of Court is directed to serve this order on plaintiff at: P.O. Box 1115 Hughson, California 95326.

IT IS SO ORDERED.

Dated:    May 15, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE